UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE SANTOS, JR.,

**COMPLAINT
WITH JURY DEMAND**

                Plaintiff,

      -against-                            Civil Action No.: 1:22-cv-9553

CAMARAT ABDOULAYE, GHANA UN MISSION
and PERMANENT MISSION OF GHANA,

                Defendants.
-------------------------------------------------------------------X

     Plaintiff, by his Attorneys DE MEO & ASSOCIATES, LLC, complaining of the

Defendants, respectfully sets forth and alleges as follows:

## NATURE OF CASE

1. This is an action for personal injuries sustained by Plaintiff JOSE SANTOS, JR. and

   arises from a pedestrian/motor vehicle accident that occurred on November 10, 2019 at

   the intersection of Jerome Avenue and East Mount Eden Avenue in the County of the

   Bronx, State of New York wherein Plaintiff JOSE SANTOS, JR. was a pedestrian

   walking while crossing a street and was struck by a motor vehicle.

## PARTIES

2. At the time of the accident Plaintiff JOSE SANTOS, JR. was a resident of the County of

   Kings, State of New York.

3. At the time of commencement of this action, Plaintiff JOSE SANTOS, JR. was a resident

   of the County of Kings, State of New York.

4. That on or about November 10, 2019, and at all times hereinafter mentioned, upon

   information and belief, Defendant CAMARAT ABDOULAYE was a resident of the

   County of Bronx, City and State of New York.

5. That at the time of commencement of this action, and at all times hereinafter mentioned, upon information and belief, Defendant CAMARAT ABDOULAYE was/is a resident of the County of Bronx, City and State of New York.

6. That on or about November 10, 2019, and at all times hereinafter mentioned, upon information and belief, Defendant GHANA UN MISSION was a resident of the County of New York, City and State of New York as its principal place of operation/business was 19 East 47th Street New York, N.Y. 10017

7. That at the time of commencement of this action, and at all times hereinafter mentioned, upon information and belief, Defendant GHANA UN MISSION was/is a resident of the County of New York, City and State of New York as its principal place of operation/business was/is 19 East 47th Street New York, N.Y. 10017.

8. That on or about November 10, 2019, and at all times hereinafter mentioned, upon information and belief, Defendant GHANA UN MISSION was a domestic corporation/entity and was operating, conducting business and/or duly organized and existing in the State of New York under and by virtue of the laws and/or authority of the State of New York.

9. That at the time of commencement of this action, and at all times hereinafter mentioned, upon information and belief, Defendant GHANA UN MISSION was/is a domestic corporation/entity and was operating, conducting business and/or duly organized and existing in the State of New York under and by virtue of the laws and/or authority of the State of New York.

10. That on or about November 10, 2019 and at the time of commencement of this action, and at all times hereinafter mentioned, upon information and belief, Defendant GHANA UN MISSION was/is a foreign corporation/entity and was operating, conducting business and/or duly organized and existing in the State of New York under and by virtue of the laws and/or authority of the State of New York.

11. That on or about November 10, 2019 and at the time of commencement of this action, and at all times hereinafter mentioned, upon information and belief, Defendant

2

GHANA UN MISSION and/or its/their agents, assignees, employees, members, diplomats, family members of members, staff, officers, executives, directors, commissioners, supervisors, consul, vice consul, deputies, administrators, superintendents, principals, servants, licensors, licensees, contractors, contractees, subcontractors, subcontractees, renters, rentees, lessors, lessees, representatives, personnel, boards, offices, departments, commissions, committees, divisions, units, bureaus, subsidiaries, federations and/or affiliates (hereinafter collectively "GHANA UN MISSION") transacted business within the State of New York.

12. That on or about November 10, 2019 and at the time of commencement of this action, and at all times hereinafter mentioned, upon information and belief, Defendant GHANA UN MISSION contracted anywhere to supply goods or services in the State of New York.

13. That on or about November 10, 2019 and at the time of commencement of this action, and at all times hereinafter mentioned, upon information and belief, Defendant GHANA UN MISSION committed a tortious act within the State of New York.

14. That on or about November 10, 2019 and at the time of commencement of this action, and at all times hereinafter mentioned, upon information and belief, Defendant GHANA UN MISSION committed a tortious act without the State of New York causing personal injury to Plaintiff JOSE SANTOS, JR. within the State and expected or reasonably should have expected the act to have consequences in the State of New York and derived substantial revenue from interstate or international commerce.

15. That on or about November 10, 2019 and at the time of commencement of this action, and at all times hereinafter mentioned, upon information and belief, Defendant GHANA UN MISSION committed a tortious act without the State of New York causing personal injury to Plaintiff JOSE SANTOS, JR. within the State and regularly did or solicited business, or engaged in persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered in the State of New York.

16. That on or about November 10, 2019 and at the time of commencement of this action, and at all times hereinafter mentioned, upon information and belief, Defendant GHANA UN MISSION owned, used or possessed real property situated within the State of New York.

17. That on or about November 10, 2019, and at all times hereinafter mentioned, upon information and belief, Defendant PERMANENT MISSION OF GHANA was a resident of the County of New York, City and State of New York as its principal place of operation/business was 19 East 47th Street New York, N.Y. 10017

18. That at the time of commencement of this action, and at all times hereinafter mentioned, upon information and belief, Defendant PERMANENT MISSION OF GHANA was/is a resident of the County of New York, City and State of New York as its principal place of operation/business was/is 19 East 47th Street New York, N.Y. 10017.

19. That on or about November 10, 2019, and at all times hereinafter mentioned, upon information and belief, Defendant PERMANENT MISSION OF GHANA was a domestic corporation/entity and was operating, conducting business and/or duly organized and existing in the State of New York under and by virtue of the laws and/or authority of the State of New York.

20. That at the time of commencement of this action, and at all times hereinafter mentioned, upon information and belief, Defendant PERMANENT MISSION OF GHANA was/is a domestic corporation/entity and was operating, conducting business and/or duly organized and existing in the State of New York under and by virtue of the laws and/or authority of the State of New York.

21. That on or about November 10, 2019 and at the time of commencement of this action, and at all times hereinafter mentioned, upon information and belief, Defendant PERMANENT MISSION OF GHANA was/is a foreign corporation/entity and was operating, conducting business and/or duly organized and existing in the State of New York under and by virtue of the laws and/or authority of the State of New York.

22. That on or about November 10, 2019 and at the time of commencement of this action, and at all times hereinafter mentioned, upon information and belief, Defendant PERMANENT MISSION OF GHANA and/or its/their agents, assignees, employees, members, diplomats, family members of members, staff, officers, executives, directors, commissioners, supervisors, consul, vice consul, deputies, administrators, superintendents, principals, servants, licensors, licensees, contractors, contractees, subcontractors, subcontractees, renters, rentees, lessors, lessees, representatives, personnel, boards, offices, departments, commissions, committees, divisions, units, bureaus, subsidiaries, federations and/or affiliates (hereinafter collectively "PERMANENT MISSION OF GHANA") transacted business within the State of New York.

23. That on or about November 10, 2019 and at the time of commencement of this action, and at all times hereinafter mentioned, upon information and belief, Defendant PERMANENT MISSION OF GHANA contracted anywhere to supply goods or services in the State of New York.

24. That on or about November 10, 2019 and at the time of commencement of this action, and at all times hereinafter mentioned, upon information and belief, Defendant PERMANENT MISSION OF GHANA committed a tortious act within the State of New York.

25. That on or about November 10, 2019 and at the time of commencement of this action, and at all times hereinafter mentioned, upon information and belief, Defendant PERMANENT MISSION OF GHANA committed a tortious act without the State of New York causing personal injury to Plaintiff JOSE SANTOS, JR. within the State and expected or reasonably should have expected the act to have consequences in the State of New York and derived substantial revenue from interstate or international commerce.

26. That on or about November 10, 2019 and at the time of commencement of this action, and at all times hereinafter mentioned, upon information and belief, Defendant PERMANENT MISSION OF GHANA committed a tortious act without the State of

New York causing personal injury to Plaintiff JOSE SANTOS, JR. within the State and regularly did or solicited business, or engaged in persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered in the State of New York.

27. That on or about November 10, 2019 and at the time of commencement of this action, and at all times hereinafter mentioned, upon information and belief, Defendant PERMANENT MISSION OF GHANA owned, used or possessed real property situated within the State of New York.

## JURY DEMAND

28. Plaintiff demands a trial by jury on all issues of fact and damages stated herein.

## JURISDICTION – Federal Question

29. The Court has Federal Question Jurisdiction pursuant to the provisions of 28 U.S.C. §1331, §1351 and §1605.

## JURISDICTION – Supplemental

30. Although claims arising under United States of America government issued law are interposed herein, there may be claims asserted pursuant to state law and/or local law that are related to claims in this action and that form part of the same case or controversy under the United State Constitution. As per 28 U.S.C. § 1367, this Honorable Court has supplemental jurisdiction over such other related claims.

## VENUE

31. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), (c) and (f).

## FACTS

32. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE was the owner and/or registered owner of a 2018 Toyota motor vehicle bearing United States of

6

America government issued registration number/license plate number 0095TVD.

33. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE operated and/or was the operator of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

34. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE operated and/or was the operator of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD with the permission, consent and/or knowledge of Defendant GHANA UN MISSION as owner of said motor vehicle.

35. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE operated and/or was the operator of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD with the permission, consent and/or knowledge of Defendant PERMANENT MISSION OF GHANA as owner of said motor vehicle.

36. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE maintained and/or was responsible for maintaining and/or the maintenance to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

37. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE controlled and/or was responsible for controlling and/or the control to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

38. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE managed and/or was responsible for managing and/or the management to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

39. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE used, occupied and/or possessed and/or was using, in possession of and/or in occupancy of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

40. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE inspected and/or was responsible for inspection and/or the inspections to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

41. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE repaired and/or was responsible for repairing and/or the repairs to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

42. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE supervised and/or was responsible for supervising and/or the supervision to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD, inclusive of the ownership, operation, maintenance, management, control, use, possession, occupancy, contracting, subcontracting, leasing, renting, entrustment, repair and/or inspection to/of said motor vehicle.

43. That on or about November 10, 2019, and at all times hereinafter mentioned, there was a lease agreement and/or rental agreement and/or contract that was in existence and/or in effect pertaining to a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

44. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE was a party to a lease agreement and/or rental agreement and/or contract that was in existence and/or in effect pertaining to a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

45. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE was the lessor of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

46. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE was the lessee of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

47. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE was the renter of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

48. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE was the rentee of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

49. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE was the contractor of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration

number/license plate number 0095TVD.

50. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE was the contractee of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

51. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE was the subcontractor of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

52. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE was the subcontractee of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

53. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE entrusted a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

54. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE entrusted a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD to Defendant GHANA UN MISSION.

55. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE entrusted a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD to Defendant PERMANENT MISSION OF GHANA.

56. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Defendant GHANA UN MISSION was the owner

and/or registered owner of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

57. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant GHANA UN MISSION operated and/or was the operator of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

58. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant GHANA UN MISSION operated and/or was the operator of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD with the permission, consent and/or knowledge of Defendant CAMARAT ABDOULAYE as owner of said motor vehicle.

59. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant GHANA UN MISSION operated and/or was the operator of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD with the permission, consent and/or knowledge of Defendant PERMANENT MISSION OF GHANA as owner of said motor vehicle.

60. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Defendant GHANA UN MISSION maintained and/or was responsible for maintaining and/or the maintenance to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

61. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Defendant GHANA UN MISSION controlled and/or was responsible for controlling and/or the control to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

62. That on or about November 10, 2019, and prior thereto, and at all times
hereinafter mentioned, Defendant GHANA UN MISSION managed and/or
was responsible for managing and/or the management to/of a 2018 Toyota motor vehicle
bearing United States of America government issued registration number/license plate
number 0095TVD.

63. That on or about November 10, 2019, and at all times hereinafter mentioned,
Defendant GHANA UN MISSION used, occupied and/or possessed and/or
was using, in possession of and/or in occupancy of a 2018 Toyota motor vehicle
bearing United States of America government issued registration number/license plate
number 0095TVD.

64. That on or about November 10, 2019, and prior thereto, and at all times
hereinafter mentioned, Defendant GHANA UN MISSION inspected and/or was
responsible for inspection and/or the inspections to/of a 2018 Toyota motor vehicle
bearing United States of America government issued registration number/license plate
number 0095TVD.

65. That on or about November 10, 2019, and prior thereto, and at all times
hereinafter mentioned, Defendant GHANA UN MISSION repaired and/or
was responsible for repairing and/or the repairs to/of a 2018 Toyota motor vehicle
bearing United States of America government issued registration number/license plate
number 0095TVD.

66. That on or about November 10, 2019, and prior thereto, and at all times
hereinafter mentioned, Defendant GHANA UN MISSION supervised and/or was
responsible for supervising and/or the supervision to/of a 2018 Toyota motor vehicle
bearing United States of America government issued registration number/license plate
number 0095TVD, inclusive of the ownership, operation, maintenance, management,
control, use, possession, occupancy, contracting, subcontracting, leasing, renting,
entrustment, repair and/or inspection to/of said motor vehicle.

67. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant GHANA UN MISSION was a party to a lease agreement and/or rental agreement and/or contract that was in existence and/or in effect pertaining to a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

68. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant GHANA UN MISSION was the lessor of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

69. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant GHANA UN MISSION was the lessee of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

70. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant GHANA UN MISSION was the renter of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

71. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant GHANA UN MISSION was the rentee of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

72. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant GHANA UN MISSION was the contractor of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

73. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant GHANA UN MISSION was the contractee of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license

plate number 0095TVD.

74. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant GHANA UN MISSION was the subcontractor of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

75. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant GHANA UN MISSION was the subcontractee of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

76. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant GHANA UN MISSION entrusted a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

77. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant GHANA UN MISSION entrusted a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD to Defendant CAMARAT ABDOULAYE.

78. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant GHANA UN MISSION entrusted a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD to Defendant PERMANENT MISSION OF GHANA.

79. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA was the owner and/or registered owner of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

80. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA operated and/or was the operator of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

81. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA operated and/or was the operator of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD with the permission, consent and/or knowledge of Defendant CAMARAT ABDOULAYE as owner of said motor vehicle.

82. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA operated and/or was the operator of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD with the permission, consent and/or knowledge of Defendant GHANA UN MISSION as owner of said motor vehicle.

83. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA maintained and/or was responsible for maintaining and/or the maintenance to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

84. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA controlled and/or was responsible for controlling and/or the control to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

85. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA managed and/or was responsible for managing and/or the management to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license

plate number 0095TVD.

86. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA used, occupied and/or possessed and/or was using, in possession of and/or in occupancy of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

87. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA inspected and/or was responsible for inspection and/or the inspections to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

88. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA repaired and/or was responsible for repairing and/or the repairs to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

89. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA supervised and/or was responsible for supervising and/or the supervision to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD, inclusive of the ownership, operation, maintenance, management, control, use, possession, occupancy, contracting, subcontracting, leasing, renting, entrustment, repair and/or inspection to/of said motor vehicle.

90. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA was a party to a lease agreement and/or rental agreement and/or contract that was in existence and/or in effect pertaining to a 2018 Toyota motor vehicle bearing United States of America government issued

registration number/license plate number 0095TVD.

91. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA was the lessor of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

92. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA was the lessee of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

93. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA was the renter of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

94. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA was the rentee of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

95. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA was the contractor of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

96. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA was the contractee of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

97. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA was the subcontractor of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration

number/license plate number 0095TVD.

98. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA was the subcontractee of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

99. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA entrusted a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

100. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA entrusted a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD to Defendant CAMARAT ABDOULAYE.

101. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA entrusted a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD to Defendant GHANA UN MISSION.

102. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant GHANA UN MISSION was a mission to the United Nations with a headquarters location of 19 E. 47th Street New York, N.Y. 10017.

103. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant GHANA UN MISSION was a mission, political subdivision, agency and/or instrumentality of the Country of Ghana.

104. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA was a mission to the United Nations with a headquarters location of 19 E. 47th Street New York, N.Y. 10017.

18

105. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant PERMANENT MISSION OF GHANA was a mission, political subdivision, agency and/or instrumentality of the Country of Ghana.

106. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE was a diplomat, member of, a family member of a member of and/or a member of the diplomatic, administrative, technical and/or service staff of Defendant GHANA UN MISSION.

107. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE was a diplomat, member of, a family member of a member of and/or a member of the diplomatic, administrative, technical and/or service staff of Defendant PERMANENT MISSION OF GHANA.

108. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE was an agent, assignee, employee, officer, executive, director, commissioner, supervisor, deputy, administrator, superintendent, principal, servant, licensor, licensee, contractor, contractee, subcontractor, subcontractee, renter, rentee, lessor, lessee, representative, personnel and/or official of Defendant GHANA UN MISSION.

109. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE was an agent, assignee, employee, officer, executive, director, commissioner, supervisor, deputy, administrator, superintendent, principal, servant, licensor, licensee, contractor, contractee, subcontractor, subcontractee, renter, rentee, lessor, lessee, representative, personnel and/or official of Defendant PERMANENT MISSION OF GHANA.

110. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE was in the course and/or scope of his office, employment and/or duties with Defendant GHANA UN MISSION.

111. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant CAMARAT ABDOULAYE was in the course and/or scope of his office,

employment and/or duties with Defendant PERMANENT MISSION OF GHANA.

112. That on or about November 10, 2019, and at all times hereinafter mentioned, the roadways, streets, thoroughfares, parkways and/or highways comprising the intersection of Jerome Avenue at and/or near East Mount Eden Avenue in the County of Bronx, State of New York, were, and still are, public roadways, streets, thoroughfares, parkways and/or highways in the State of New York used extensively by the public in general.

113. That on or about November 10, 2019, and at all times hereinafter mentioned, Plaintiff JOSE SANTOS, JR. was a lawful pedestrian at the intersection of Jerome Avenue and East Mount Eden Avenue in the County of Bronx, State of New York.

114. That on or about November 10, 2019, and at all times hereinafter mentioned, there was contact between Plaintiff JOSE SANTOS, JR. as a lawful pedestrian and the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD being owned and operated by Defendant CAMARAT ABDOULAYE.

115. That on or about November 10, 2019, and at all times hereinafter mentioned, there was contact between Plaintiff JOSE SANTOS, JR. as a lawful pedestrian and the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD being owned by Defendant CAMARAT ABDOULAYE and operated by Defendant GHANA UN MISSION.

116. That on or about November 10, 2019, and at all times hereinafter mentioned, there was contact between Plaintiff JOSE SANTOS, JR. as a lawful pedestrian and the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD being owned by Defendant CAMARAT ABDOULAYE and operated by Defendant PERMANENT MISSION OF GHANA.

117. That on or about November 10, 2019, and at all times hereinafter mentioned, there was contact between Plaintiff JOSE SANTOS, JR. as a lawful pedestrian and the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD being owned and operated by Defendant GHANA UN MISSION.

118. That on or about November 10, 2019, and at all times hereinafter mentioned, there was contact between Plaintiff JOSE SANTOS, JR. as a lawful pedestrian and the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD being owned by Defendant GHANA UN MISSION and operated by Defendant CAMARAT ABDOULAYE.

119. That on or about November 10, 2019, and at all times hereinafter mentioned, there was contact between Plaintiff JOSE SANTOS, JR. as a lawful pedestrian and the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD being owned by Defendant GHANA UN MISSION and operated by Defendant PERMANENT MISSION OF GHANA.

120. That on or about November 10, 2019, and at all times hereinafter mentioned, there was contact between Plaintiff JOSE SANTOS, JR. as a lawful pedestrian and the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD being owned and operated by Defendant PERMANENT MISSION OF GHANA.

121. That on or about November 10, 2019, and at all times hereinafter mentioned, there was contact between Plaintiff JOSE SANTOS, JR. as a lawful pedestrian and the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD being owned by Defendant PERMANENT MISSION OF GHANA and operated by Defendant CAMARAT ABDOULAYE.

122. That on or about November 10, 2019, and at all times hereinafter mentioned, there was contact between Plaintiff JOSE SANTOS, JR. as a lawful pedestrian and the

21

2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD being owned by Defendant PERMANENT MISSION OF GHANA and operated by Defendant GHANA UN MISSION.

123. That on or about November 10, 2019, and at all times hereinafter mentioned, Plaintiff JOSE SANTOS, JR. was a lawful pedestrian walking within a crosswalk and attempting to cross/in the process of crossing a street at the intersection of Jerome Avenue and East Mount Eden Avenue in the County of Bronx, State of New York when he was struck by the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD being operated and owned by Defendant CAMARAT ABDOULAYE which was attempting to make/in the process of making a left turn from Jerome Avenue onto East Mount Eden Avenue.

124. That on or about November 10, 2019, and at all times hereinafter mentioned, Plaintiff JOSE SANTOS, JR. was a lawful pedestrian walking within a crosswalk and attempting to cross/in the process of crossing a street at the intersection of Jerome Avenue and East Mount Eden Avenue in the County of Bronx, State of New York when he was struck by the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD being owned by Defendant CAMARAT ABDOULAYE and operated by Defendant GHANA UN MISSION which was attempting to make/in the process of making a left turn from Jerome Avenue onto East Mount Eden Avenue.

125. That on or about November 10, 2019, and at all times hereinafter mentioned, Plaintiff JOSE SANTOS, JR. was a lawful pedestrian walking within a crosswalk and attempting to cross/in the process of crossing a street at the intersection of Jerome Avenue and East Mount Eden Avenue in the County of Bronx, State of New York when he was struck by the 2018 Toyota motor vehicle bearing United

States of America government issued registration number/license plate number 0095TVD being owned by Defendant CAMARAT ABDOULAYE and operated by Defendant PERMANENT MISSION OF GHANA which was attempting to make/in the process of making a left turn from Jerome Avenue onto East Mount Eden Avenue.

126. That on or about November 10, 2019, and at all times hereinafter mentioned, Plaintiff JOSE SANTOS, JR. was a lawful pedestrian walking within a crosswalk and attempting to cross/in the process of crossing a street at the intersection of Jerome Avenue and East Mount Eden Avenue in the County of Bronx, State of New York when he was struck by the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD being owned and operated by Defendant GHANA UN MISSION which was attempting to make/in the process of making a left turn from Jerome Avenue onto East Mount Eden Avenue.

127. That on or about November 10, 2019, and at all times hereinafter mentioned, Plaintiff JOSE SANTOS, JR. was a lawful pedestrian walking within a crosswalk and attempting to cross/in the process of crossing a street at the intersection of Jerome Avenue and East Mount Eden Avenue in the County of Bronx, State of New York when he was struck by the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD being owned by Defendant GHANA UN MISSION and operated by Defendant CAMARAT ABDOULAYE which was attempting to make/in the process of making a left turn from Jerome Avenue onto East Mount Eden Avenue.

128. That on or about November 10, 2019, and at all times hereinafter mentioned, Plaintiff JOSE SANTOS, JR. was a lawful pedestrian walking within a crosswalk and attempting to cross/in the process of crossing a street at the intersection of Jerome Avenue and East Mount Eden Avenue in the County of Bronx, State of New York when he was struck by the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD

being owned by Defendant GHANA UN MISSION and operated by Defendant PERMANENT MISSION OF GHANA which was attempting to make/in the process of making a left turn from Jerome Avenue onto East Mount Eden Avenue.

129. That on or about November 10, 2019, and at all times hereinafter mentioned, Plaintiff JOSE SANTOS, JR. was a lawful pedestrian walking within a crosswalk and attempting to cross/in the process of crossing a street at the intersection of Jerome Avenue and East Mount Eden Avenue in the County of Bronx, State of New York when he was struck by the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD being owned and operated by Defendant PERMANENT MISSION OF GHANA which was attempting to make/in the process of making a left turn from Jerome Avenue onto East Mount Eden Avenue.

130. That on or about November 10, 2019, and at all times hereinafter mentioned, Plaintiff JOSE SANTOS, JR. was a lawful pedestrian walking within a crosswalk and attempting to cross/in the process of crossing a street at the intersection of Jerome Avenue and East Mount Eden Avenue in the County of Bronx, State of New York when he was struck by the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD being owned by Defendant PERMANENT MISSION OF GHANA and operated by Defendant CAMARAT ABDOULAYE which was attempting to make/in the process of making a left turn from Jerome Avenue onto East Mount Eden Avenue.

131. That on or about November 10, 2019, and at all times hereinafter mentioned, Plaintiff JOSE SANTOS, JR. was a lawful pedestrian walking within a crosswalk and attempting to cross/in the process of crossing a street at the intersection of Jerome Avenue and East Mount Eden Avenue in the County of Bronx, State of New York when he was struck by the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number

0095TVD being owned by Defendant PERMANENT MISSION OF GHANA and operated by Defendant GHANA UN MISSION which was attempting to make/in the process of making a left turn from Jerome Avenue onto East Mount Eden Avenue.

132. That the aforesaid occurrence was due to the wrongful, negligent, grossly negligent, careless, reckless, grossly reckless, unlawful and/or culpable conduct, acts and/or omissions of Defendants, either jointly and/or severally, and/or any of their members, agents, servants, employees, licensees, officers, offices, directors, administrators, commissioners, executives, departments, commissions, committees, divisions, subsidiaries, affiliates, agencies, representatives, contractors, subcontractors, personnel, lessors, lessees, renters, rentees and/or principals, either jointly and/or severally, in the ownership, operation, maintenance, use, management, possession, occupancy, leasing, contracting, subcontracting, renting, supervision, repair, inspection, entrustment and/or control of the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD, and were further wrongful, negligent, grossly negligent, careless, reckless, grossly reckless, unlawful and/or culpable, either jointly and/or severally, inter alia in the following manner: in failing to and/or failing to properly, adequately, sufficiently, prudently, safely, lawfully and/or reasonably own, operate, maintain, manage, control, supervise, use, possess, occupy, contract, subcontract, lease, rent, entrust, repair and/or inspect their motor vehicle; in failing to and/or failing to properly, adequately, sufficiently, prudently, safely, lawfully and/or reasonably teach, train and/or instruct on the ownership, operation, maintaining/maintenance, managing/management, control, supervision, use, possession, occupancy, contracting, subcontracting, leasing, renting, repair, entrustment and/or inspection of/to their motor vehicle; in failing to and/or failing to properly, adequately, sufficiently, prudently, safely, lawfully and/or reasonably exercise due care and caution in the ownership, operation, maintenance, use, management, possession, occupancy, leasing, contracting, subcontracting, renting, supervision, repair, inspection, entrustment

and/or control to/of their motor vehicle; in failing to and/or failing to properly,
adequately, sufficiently, lawfully, prudently, safely and/or reasonably have, keep and/or
maintain their motor vehicle under control; in their motor vehicle traveling/proceeding at
an excessive, dangerous, hazardous, improper, imprudent, unlawful, unreasonable and/or
unsafe rate of speed; in failing to stop at, yield to, abide by, adhere to, comply with
and/or obey a traffic and/or speed control device, light, sign and/or signal; in failing to
properly, adequately, sufficiently, safely, prudently, lawfully and/or reasonably
make/attempt to make/proceed to make a left turn; in failing to and/or failing to properly,
adequately, sufficiently, safely, prudently, lawfully and/or reasonably use/operate/utilize
the left turn directional signal/blinker signal and/or hand signal; in failing to and/or
failing to properly, adequately, sufficiently, prudently, safely, lawfully and/or reasonably
stop at, yield to, abide by, adhere to, comply with and/or obey a pedestrian control
device/light/signal; in failing to stop at, yield to, abide by, adhere to, comply with and/or
obey a lane and/or road marking and/or a lane and/or road traffic and/or speed marking,
inclusive of a crosswalk; in their motor vehicle being operated dangerously, hazardously,
improperly, imprudently, insufficiently, unlawfully, inadequately, unreasonably and/or
unsafely given the road, pedestrian, traffic, weather and/or driving conditions then and
there existing at the accident location and/or under the circumstances then and there
prevailing at the accident location and at the time of the accident; in failing to and/or
failing to properly, adequately, sufficiently, prudently, lawfully, safely and/or reasonably
observe and see what there was to observe and see; in failing to and/or failing to maintain
a proper, sufficient, adequate, lawful, prudent, safe and/or reasonable maintain a lookout;
in failing to and/or failing to properly, sufficiently, adequately, lawfully, prudently, safely
and/or reasonably look forward, behind, right and/or left; in failing to and/or failing to
properly, sufficiently, adequately, lawfully, prudently, safely and/or reasonably use/view
the rearview and/or sideview mirrors; in failing to have rearview and/or sideview mirrors
equipped on their motor vehicle; in failing to have any rearview and/or sideview mirrors
properly, sufficiently, adequately, lawfully, prudently, safely and/or reasonably

positioned and/or tilted on their motor vehicle; in failing and/or failing to properly,

sufficiently, adequately, prudently, safely, lawfully and/or reasonably heed warnings; in

failing to and/or failing to properly, sufficiently, lawfully, adequately, safely, reasonably

and/or prudently warn, sound a horn or other signaling or warning devices; in failing

and/or failing to properly, sufficiently, adequately, prudently, safely, lawfully and/or

reasonably have a horn of the motor vehicle operational; in failing to and/or failing to

timely, properly, adequately, sufficiently, lawfully, safely, prudently and/or reasonably

change speed and/or direction of his motor vehicle; in failing to and/or failing to timely,

properly, adequately, sufficiently, safely, lawfully, prudently and/or reasonably brake,

steer, swerve, or use and/or engage in other operating measures to avoid the accident; in

failing to apply the brakes or any braking mechanism and/or failing to apply the brakes or

any braking mechanism in a timely, proper, adequate, sufficient, safe, lawful, prudent

and/or reasonable manner; in failing to have the brakes and/or any braking mechanism be

in working order and/or in proper, safe, sufficient, adequate, lawful, prudent and/or

reasonable working order; in failing to steer his motor vehicle and/or failing to steer their

motor vehicle in a proper, adequate, sufficient, safe, prudent, lawful and/or reasonable

manner; in failing to have the steering and/or any steering mechanism be in working

order and/or in proper, sufficient, adequate, safe, prudent, lawful and/or reasonable

working order; in failing to have hands on the steering wheel and/or properly placed

and/or positioned on the steering wheel; in failing to and/or failing to properly,

adequately, sufficiently, safely, prudently, lawfully and/or reasonably own,

operate, maintain, use, manage, possess, occupy, lease, rent, contract, subcontract,

supervise, repair, inspect, entrust and/or control their motor vehicle, inclusive of not

doing so in accordance with the applicable rules, codes, laws, guidelines, regulations,

surveys, evaluations, standards, statutes, ordinances and vehicle and traffic laws of the

County of Bronx, City and State of New York and/or the Federal Government of which

the Court will take Judicial Notice; in violating, breaching, neglecting, disregarding

and/or failing to abide by, adhere to, carry out and/or comply with the applicable rules, codes, laws, guidelines, regulations, surveys, evaluations, standards, statutes, ordinances, and vehicle and traffic laws of the County of Bronx, City and State of New York and/or the Federal Government of which the Court will take Judicial Notice, including, but not limited to the following: New York State Motor Vehicle and Traffic Law sections 300, 301, 301-a, 307, 312, 335, 355, 375, 376, 376-a, 382, 382-a, 382-b, 385, 386, 388, 390, 401, 501, 501-b, 502, 503, 503-a, 504, 507, 511, 511-a, 512, 1100, 1101, 1110, 1111, 1111-a, 1112, 1113, 1116, 1120, 1125, 1128, 1129, 1130, 1141, 1142, 1143, 1146, 1150, 1151, 1160, 1161, 1162, 1163, 1164, 1165, 1166, 1172, 1180, 1180-a, 1192, 1192-a, 1194-a, 1200, 1201, 1202, 1212, 1213, 1225, 1225-c, 1226, 1227; in failing to exercise proper, sufficient, adequate, prudent, safe, lawful and/or reasonable care, prudence and caution upon approaching Plaintiff; in failing to avoid contact with Plaintiff; in coming into contact with Plaintiff; in failing to take and/or failing to take necessary, proper, sufficient, adequate, safe, lawful, prudent and/or reasonable steps, means, measures and/or precautions to avoid and guard against the happening of the accident; in their motor vehicle not being operated as a reasonably prudent person would under the circumstances then and there existing at the accident location; in failing to and/or failing to properly, adequately, sufficiently, lawfully, prudently, safely and/or reasonably slow down and/or stop their motor vehicle; in their motor vehicle following and/or being too close and/or more close to Plaintiff than reasonable and prudent under the circumstances then and there prevailing at the accident location; in their motor vehicle being operated by an individual impaired by alcohol; in the operator of their motor vehicle using a mobile telephone while operating their motor vehicle; in failing to and/or failing to properly, sufficiently, adequately, prudently, lawfully, safely and/or reasonably yield the right of way to Plaintiff; in their motor vehicle being operated with reckless disregard as to pedestrians; in failing to and/or failing to properly, sufficiently, adequately, prudently, safely, lawfully and/or reasonably conduct inspections/repairs/maintenance and/or routine

28

inspections/repairs/maintenance to/of their motor vehicle and/or any equipment thereon; in operating his motor vehicle in a manner which unreasonably interfered with the free and proper use of the roadway by pedestrians and/or which endangered pedestrians; in failing to and/or failing to properly, sufficiently, adequately, lawfully, prudently, safely and/or reasonably anticipate, prevent and otherwise avoid the accident; in allowing, permitting, causing and/or creating the accident to occur; in failing to and/or failing to properly, sufficiently, adequately, lawfully, prudently, safely and/or reasonably operate their motor vehicle with due regard for the safety of pedestrians; in their motor vehicle being operated by an individual who was and/or known to be an incompetent and/or inexperienced driver; in entrusting their motor vehicle to an individual who was and/or known to be an incompetent and/or inexperienced driver; in their motor vehicle being operated when it was in and/or known to be in improper working order; in entrusting their motor vehicle to an individual when it was and/or known to be in improper working order; in failing to have and/or failing to have a proper, sufficient, adequate, prudent, lawful, safe and/or reasonable maintenance, inspection and/or repair plan/schedule/procedures/process/guidelines/measures/rules in place in regards to the equipment and/or operation of their motor vehicle; in violating/breaching/neglecting/disregarding/failing to adhere to, comply with, abide by, carry out any maintenance, inspection and/or repair plan/schedule/procedures/process/guidelines/measures/rules in place in regards to the equipment and/or operation of their motor vehicle; in failing to and/or failing to properly, sufficiently, adequately, prudently, safely, lawfully and/or reasonably have the headlights on, operational and/or in use for their motor vehicle; in their motor vehicle being moved from the stopped, standing and/or parked position when it was not reasonably safe to do so; in otherwise being wrongful, negligent, grossly negligent, careless, reckless, in reckless disregard, grossly reckless, unlawful and/or culpable conduct in the ownership, operation, maintenance, use, management, possession, occupancy, leasing, renting,

29

contracting, subcontracting, supervision, repair, inspection, entrustment and/or control of their motor vehicle;

133. That as a result of the aforesaid accident, Plaintiff JOSE SANTOS, JR. sustained bodily, mental, emotional and/or psychological injury, inclusive of a fracture to the third proximal phalanx, laceration to the head and seizures.

134. That on or about November 10, 2019, and at all times hereinafter mentioned, the Defendants, either jointly and/or severally, had the duty, obligation and/or responsibility to own, operate, maintain, use, manage, possess, occupy, lease, contract, subcontract, rent, supervise, repair, inspect, entrust and/or control their motor vehicle, and to do so in a reasonable, proper, safe, lawful, sufficient, adequate and/or prudent manner.

135. That on or about November 10, 2019, and at all times hereinafter mentioned, the Defendants, either jointly and/or severally, breached, disregarded, neglected, violated and/or failed in their duty, obligation and/or responsibility to own, operate, maintain, use, manage, possess, occupy, lease, contract, subcontract, rent, supervise, repair, inspect, entrust and/or control their motor vehicle in a reasonable, proper, safe, lawful, sufficient, adequate and/or prudent manner.

136. That the aforesaid accident and injuries and/or damages resulting therefrom to the Plaintiff JOSE SANTOS, JR. were caused and/or due wholly and/or solely as a result of the wrongful, negligent, grossly negligent, careless, in reckless disregard, reckless, grossly reckless, unlawful and/or culpable conduct of the Defendants, either jointly and/or severally, in the ownership, operation, maintenance, use, management, possession, occupancy, leasing, contracting, subcontracting, renting, supervision, repair, inspection, entrustment and/or control of their motor vehicle, without this Plaintiff in any way contributing thereto.

137. Any liability and/or wrongful, negligent, grossly negligent, careless, reckless, grossly reckless, in reckless disregard, unlawful and/or culpable conduct herein established against Defendant CAMARAT ABDOULAYE as operator of the 2018

Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD is alleged to be imputed by operation of law to Defendant GHANA UN MISSION as owner of said motor vehicle under the theory of vicarious liability and/or respondeat superior.

138. Any liability and/or wrongful, negligent, grossly negligent, careless, reckless, grossly reckless, in reckless disregard, unlawful and/or culpable conduct herein established against Defendant CAMARAT ABDOULAYE as operator of the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD is alleged to be imputed by operation of law to Defendant PERMANENT MISSION OF GHANA as owner of said motor vehicle under the theory of vicarious liability and/or respondeat superior.

139. Any liability and/or wrongful, negligent, grossly negligent, careless, reckless, grossly reckless, in reckless disregard, unlawful and/or culpable conduct herein established against Defendant GHANA UN MISSION as operator of the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD is alleged to be imputed by operation of law to Defendant CAMARAT ABDOULAYE as owner of said motor vehicle under the theory of vicarious liability and/or respondeat superior.

140. Any liability and/or wrongful, negligent, grossly negligent, careless, reckless, grossly reckless, in reckless disregard, unlawful and/or culpable conduct herein established against Defendant GHANA UN MISSION as operator of the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD is alleged to be imputed by operation of law to Defendant PERMANENT MISSION OF GHANA as owner of said motor vehicle under the theory of vicarious liability and/or respondeat superior.

141. Any liability and/or wrongful, negligent, grossly negligent, careless, reckless, grossly reckless, in reckless disregard, unlawful and/or culpable conduct herein established against Defendant PERMANENT MISSION OF GHANA as operator of the

2018 Toyota motor vehicle bearing United States of America government issued

registration number/license plate number 0095TVD is alleged to be imputed by operation

of law to Defendant CAMARAT ABDOULAYE as owner of said motor vehicle under

the theory of vicarious liability and/or respondeat superior.

142. Any liability and/or wrongful, negligent, grossly negligent, careless, reckless,

grossly reckless, in reckless disregard, unlawful and/or culpable conduct herein

established against Defendant PERMANENT MISSION OF GHANA operator of the

2018 Toyota motor vehicle bearing United States of America government issued

registration number/license plate number 0095TVD is alleged to be imputed by operation

of law to Defendant GHANA UN MISSION as owner of said motor vehicle under the

theory of vicarious liability and/or respondeat superior.

143. That Defendant CAMARAT ABDOULAYE is subject to jurisdiction and/or

liability for the aforesaid accident and/or wrongful, negligent, grossly negligent,

careless, reckless, grossly reckless, in reckless disregard, unlawful and/or culpable

conduct and the injuries and/or damages resulting therefrom to the Plaintiff JOSE

SANTOS, JR. as per 28 U.S.C. §1351 and §1605.

144. That Defendant GHANA UN MISSION is subject to jurisdiction and/or

liability for the aforesaid accident and/or wrongful, negligent, grossly negligent,

careless, reckless, grossly reckless, in reckless disregard, unlawful and/or culpable

conduct and the injuries and/or damages resulting therefrom to the Plaintiff JOSE

SANTOS, JR. as per 28 U.S.C. §1605.

145. That Defendant PERMANENT MISSION OF GHANA is subject to jurisdiction

and/or liability for the aforesaid accident and/or wrongful, negligent, grossly negligent,

careless, reckless, grossly reckless, in reckless disregard, unlawful and/or culpable

conduct and the injuries and/or damages resulting therefrom to the Plaintiff JOSE

SANTOS, JR. as per 28 U.S.C. §1605.

146. That no negligence and/or conduct on the part of the Plaintiffs contributed to the accident herein in any manner whatsoever.

147. That the wrongful, negligent, grossly negligent, careless, in reckless disregard, reckless, grossly reckless, unlawful and/or culpable conduct of the Defendants, either jointly and/or severally. was/were the/a proximate cause of the accident and/or injuries and/or damages resulting therefrom to Plaintiff.

148. That the aforesaid accident and injuries and/or damages resulting therefrom to Plaintiff and/or the wrongful, negligent, grossly negligent, careless, in reckless disregard, reckless, grossly reckless, unlawful and/or culpable conduct of the Defendants, either jointly and/or severally, was/were foreseeable.

149. Plaintiff JOSE SANTOS, JR. is a "covered person" as defined by Section 5102(j) of the Insurance Law of the State of New York.

150. That by reason of the foregoing and the wrongful, negligent, grossly negligent, careless, in reckless disregard, reckless, grossly reckless, unlawful and/or culpable conduct of the Defendants, either jointly and/or severally, Plaintiff JOSE SANTOS, JR. sustained serious injuries as defined in Subsection (d) of Section 5102 of the Insurance Law of the State of New York, and has sustained serious injury and economic loss greater than basic economic loss as defined in Subsection (a) of Section 5104 of the Insurance Law.

151. That by reason of the foregoing and the wrongful, negligent, grossly negligent, careless, in reckless disregard, reckless, grossly reckless, unlawful and/or culpable conduct of the Defendants, either jointly and/or severally, Plaintiff JOSE SANTOS, JR. sustained serious, severe and permanent bodily, mental and/or emotional injuries and still suffers and will continue to suffer great physical, mental and emotional pain and serious bodily injury.

152. That by reason of the foregoing and the wrongful, negligent, grossly negligent, careless, in reckless disregard, reckless, grossly reckless, unlawful and/or culpable conduct of the Defendants, either jointly and/or severally, Plaintiff JOSE SANTOS, JR. became sick,

sore, lame and disabled and so remains and will continue to remain so.

153. That by reason of the foregoing and the wrongful, negligent, grossly negligent, careless, in reckless disregard, reckless, grossly reckless, unlawful and/or culpable conduct of the Defendants, either jointly and/or severally, Plaintiff JOSE SANTOS, JR.'s bodily, mental and/or emotional injuries are permanent and she will permanently suffer from the physical, mental and emotional effects of the aforesaid injuries and he will be caused to suffer permanent embarrassment and continuous pain and suffering.

154. That by reason of the foregoing and the wrongful, negligent, grossly negligent, careless, in reckless disregard, reckless, grossly reckless, unlawful and/or culpable conduct of the Defendants, either jointly and/or severally, Plaintiff JOSE SANTOS, JR. was compelled and/or obliged and did necessarily require medical aid and attention and did necessarily pay, incur and become liable therefore.

155. That by reason of the foregoing and the wrongful, negligent, grossly negligent, careless, in reckless disregard, reckless, grossly reckless, unlawful and/or culpable conduct of the Defendants, either jointly and/or severally, Plaintiff JOSE SANTOS, JR. was, has been and will continue to be, unable to attend to his usual and/or normal daily activities, routine, occupation, vocation, duties and affairs in the manner required.

156. That the limitations of CPLR Section 1601 do not apply to this action.

157. That this action falls within one or more of the exceptions set forth in CPLR Section 1602, to wit, the limitations set forth in CPLR 1601 regarding limited liability of persons or entities jointly liable, limiting their responsibilities for non-economic damages to the amount of their equitable share of liability to 50% or less, does not apply in this case since, under CPLR 1602 (6), this limitation is inapplicable to any persons held liable by reason of his use, operation, or ownership of a motor vehicle or motorcycle, as those terms are defined respectively in Sections 311 and 125 of the New York State Vehicle and Traffic Law.

158. Plaintiff JOSE SANTOS, JR. was damaged in a sum which exceeds the jurisdictional limits of all lower courts, together with interest, costs, and disbursements in this action.

WHEREFORE, Plaintiff JOSE SANTOS, JR. demands judgment against the Defendants, either jointly and/or severally, in a sum of ONE MILLION DOLLARS ($1,000,000.00), together with the costs and disbursements of this action.

Dated: November 9, 2022
Syosset, New York

Yours etc.,

By: CRAIG C. DE MEO (CD-7427)
DE MEO & ASSOCIATES, LLC
Attorneys for Plaintiff
4 Lilac Drive
Syosset, NY 11791
(516) 802-4846
ccdesq@aol.com

Civil Action No.: 1:22-cv-9553

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOSE SANTOS, JR.,

                          Plaintiff,

          -against-

CAMARAT ABDOULAYE, GHANA UN MISSION and
PERMANENT MISSION OF GHANA,

                          Defendants.

------------------------------------------------------------------x

## COMPLAINT WITH JURY DEMAND

DE MEO & ASSOCIATES, LLC
Attorney for Plaintiff-SANTOS, JR.
4 Lilac Drive
Syosset, New York 11791
(516) 802-4846